**RIVERSIDE NATIONAL BANK, a National Banking Association, Appellant,**

v.

**Peter LAW, an Individual, Appellee.**

**No. 50177.**

Supreme Court of Oklahoma.

May 10, 1977.

---

**13.** See note 4, *supra.*

Kothe, Nichols & Wolfe, Inc. by Jerry R. Nichols, Thomas P. Nally, Tulsa, for appellant.

Schuman, Milsten & Jackson by David W. Jackson, Tulsa, for appellee.

BARNES, Justice:

This is an appeal by Appellant, Riverside National Bank (Bank), from a judgment in the Trial Court sustaining the Appellee's, Peter Law's, Motion for Summary Judgment and granting Appellee a judgment in the amount of $4,500.00, together with interest. Said money represents the proceeds from the court ordered sale of a 1976 automobile, ID No. 80–V–6–R–448363, possession of which serves as the basis for the controversy between the Bank and the Appellee. The Defendants in the lower court disclaimed all interest in the automobile and as such are not parties to the instant proceedings.

The essential facts are these: Bank commenced proceedings in the Trial Court on May 5, 1976, by filing its verified petition against Mr. Jeffrey Wyatt and others, seeking repayment of various promissory notes. Apparently Wyatt had obtained certain loan monies from the Bank by means of representing that he owned certain fictitious automobiles. The Bank's petition alleges these funds were obtained fraudulently and used to purchase various automobiles, including the automobile in question. Bank requested the court to impose a constructive trust upon the automobile and other named assets, as security for the repayment of the promissory notes. Appellee intervened in the lower court to claim superior right to the automobile as against Bank or Wyatt.

Bank obtained a Temporary Restraining Order May 5, 1976, which prohibited Wyatt from selling, transferring or otherwise disposing of the automobile and other assets. On May 7, 1976, the Trial Court determined the prohibition against sale, transfer, or other disposition of the automobile and other assets should remain in full force and effect, and issued a Restraining Order so indicating.

On May 17, 1976, Bank caused to be issued an Order of Attachment, directing the Tulsa County Sheriff to attach the chattels of Wyatt, including the automobile in question. The Sheriff attached the vehicle on June 11, 1976.

Pursuant to an agreement between Bank and Appellee the Trial Court ordered the release of the automobile from the custody of the Sheriff, together with its sale. The $4,500.00 proceeds of that sale are currently held by attorneys for Bank as Trustees, and will be distributed pursuant to final order of this Court.

The record reflects that Wyatt sold the automobile to Appellee (intervenor in the Trial Court), in violation of the Temporary Injunction on June 4, 1976, for $4,500.00 cash. Appellee had no actual notice of Bank's claim in the automobile at the time of the sale, but the restraining order was in effect at that time.

On June 5, 1976, Appellee sold the automobile to one Kaiser. On June 15, 1976, with Bank's claim to the automobile, as well as the fact that the automobile was in the possession of the Tulsa County Sheriff pursuant to the Bank's attachment order being public record, and known to Appellee, Appellee repurchased the automobile from Kaiser for the purpose of honoring his warranty of title.

The question for us to determine is whether the Appellee or Appellant is entitled to the proceeds of sale of the automobile.

The Trial Court, on September 3, 1976, held a hearing pursuant to Appellee's Motion for Summary Judgment against Bank and found: (1) That the sale of the automobile by Wyatt to the Appellee and the subsequent sale to Kaiser are subject to the provisions of the Oklahoma Uniform Commercial Code (UCC); (2) that the UCC, Art. 9, is designed to facilitate the exchange of goods in the market place and as such the theory of lis pendens, as asserted by Bank,

has no application to the disposition of the automobile; (3) that the Appellee purchased the automobile from Wyatt as a good faith purchaser for value under the UCC, as did Kaiser, the Appellee's vendee, and that both parties took the automobile free of the claim of constructive trust alleged by Bank, on file as a matter of public record prior to the purchase by the Appellee and his vendee; (4) that the Appellee's repurchase from Kaiser, his vendee, with actual knowledge of Bank's claim in the automobile did not subject the Appellee's title to the claim of the Bank, inasmuch as repurchase was effected for the sole purpose of honoring his warranty of title to his vendee; and (5) that equitable estoppel precludes the assertion by Bank of a right superior to that of Appellee, by virtue of lis pendens or the Appellee's actual knowledge of Bank's claim at the time Appellee repurchased the automobile, since both Appellee and Bank are innocent parties, the loss should fall on Bank as the party best able to have prevented Wyatt's alleged fraud; and (6) that Bank made no representations to Appellee or his vendee Kaiser at any time concerning the subject automobile, other than the Bank's institution of its lawsuit claiming a constructive trust in the automobile and proceedings incident thereto, all prior to the time the Appellee and his vendee Kaiser acquired the automobile.

Trial Court, based upon these findings, granted Appellee's Motion for Summary Judgment and granted Appellee a judgment in the sum of $4,500.00, together with interest. Bank requests this Court to reverse the judgment of the Trial Court and enter judgment for the Bank against Appellee for said sum.

From our review, we agree with the Trial Court that the UCC was correctly applied to vest title to the proceeds of sale of the automobile in Appellee. Bank herein makes the argument that the doctrine of lis pendens is applicable to the transaction through which the Appellee acquired the automobile from Wyatt so as to preclude Appellee from asserting an interest superior to that of the Bank. We cannot agree.

We note that each of the cases cited by the Bank to support the applicability of the lis pendens doctrine predates the adoption of the UCC in the jurisdictions noted. Further, no cases are cited to indicate lis pendens is an exception to the UCC. We therefore find Bank's lis pendens argument to be without merit.

It is to be noted that Bank's petition established the fact that Wyatt was in the business of buying and selling used automobiles.

Title 12A O.S.1971, § 2–403, provides in part:

"(2) Any entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business.

"(3) 'Entrusting' includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting or the possessor's disposition of the goods have been such as to be larcenous under the criminal law."

The major aim of the UCC is to facilitate the merchantability of property. Even where a security interest has been perfected a buyer in the ordinary course of business takes free of the security interest. 12A O.S.1971, § 9–307.

We conclude that Appellee qualifies as a purchaser in ordinary course of business with regard to his purchase of the subject automobile from Wyatt, who at the time of sale engaged in the business of buying and selling automobiles through Wizard Auto Leasing, Inc.

Finally, Bank argues that the actual knowledge of Bank's claim to the automobile which Appellee possessed when he reacquired the automobile on June 15, 1976, from Kaiser precludes his assertion of an interest superior to that of the Bank. We do not think the repurchase serves to put Appellee in a different position, since it was established and admitted that the automo-

bile was reacquired by Appellee from Kaiser in order to make good the warranty where the title was in question.

The Uniform Commercial Code was expressly enacted for the purpose of facilitating the ready exchange of goods in the market place. This purpose is fulfilled in protecting a buyer in the ordinary course of business from unknown title claims against a dealer in such goods. We hold that § 2–403, supra, is applicable.

In view of our holding herein, we deem it unnecessary to discuss Bank's other contentions.

Affirmed.

All the Justices concur.